## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:02-CR-20-001 |
| | § | |
| PAUL LAWRENCE RICHARDSON | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On December 13, 2007, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Paul Lawrence Richardson. The government was represented by William D. Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Assistant Federal Public Defender Wayne Dickey.

Defendant originally pleaded guilty to the offense of Possession with Intent to Distribute and Distribution of Cocaine Base, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history of category II, was 97 to 121 months. As a result of a downward departure for providing substantial assistance, Defendant was subsequently sentenced to 72 months imprisonment followed by 4 years supervised release subject to the standard conditions of release, plus special conditions to include mandatory drug testing and drug treatment. On August 10, 2006, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of the supervised release, Defendant was prohibited from committing another federal, state or local crime. Defendant was also to refrain from any unlawful use of a controlled substance, and was to submit to one drug test within fifteen days of release from imprisonment or placement on probation, and at least two periodic drug tests thereafter. Finally,

Defendant was to report to the probation officer as directed by the court or probation officer, and was to submit a truthful and complete written report within the first five days of each month. In its petition, the government alleges that Defendant violated his conditions of supervised release when, on March 1, 2007, Defendant was indicted by the Henderson County Grand Jury on two counts of Delivery of a Controlled Substance, and on January 24, 2007, Defendant was arrested for Evading Arrest. Defendant is also alleged to have violated his terms of supervised release by submitting a urine specimen that tested positive for marijuana on February 20, 2007, by failing to submit a monthly report form by the 5th day of them month for December 2006, January 2007, and February 2007.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than three years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by committing two separate offenses of delivery of a controlled substance would be a Grade B violation, for which the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the violations. In exchange, the government agreed to recommend a sentence of nine months with no term of supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Paul Lawrence Richardson be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 9 months with no supervised release to follow.  The Court also **RECOMMENDS** Defendant be incarcerated at FCI Seagoville if possible.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 9th day of January, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE